UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Gina M. Holje, *in her individual capacity and as Trustee of the Gina M. Holje Revocable Trust U/A/D August 5, 2024*,<br><br>  Plaintiff,<br><br>v.<br><br>Lynn Grano, *an individual*,<br><br>  Defendant. | File No. 24-CV-04249 (JMB/ECW)<br><br><br>**ORDER** |

---

Benjamin J. Hamborg, David Bradley Olsen, and Dylan Wallace, Henson & Efron, P.A., Minneapolis, MN, for Plaintiff Gina M. Holje.

Steven J. Weintraut, Siegel Brill, PA, Minneapolis, MN, for Defendant Lynn Grano.

---

This matter is before the Court on Plaintiff Gina M. Holje's motion for default judgment against Defendant Lynn Grano under Federal Rule of Civil Procedure 55(b)(2) (Doc. No. 10), as well as Grano's motion to set aside entry of default under Federal Rule Civil Procedure 55(c) and dismiss Holje's complaint for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). (Doc. No. 18.) For the reasons explained below, the Court denies the parties' motions without prejudice and gives Holje ninety days from the date of this order to serve Grano.

There is a "judicial preference for adjudication on the merits" of civil disputes. *Belcourt Pub. Sch. Dist. v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015) (quotation omitted). Under Federal Rule of Civil Procedure 4(m), courts must extend the time for service when

1

a plaintiff shows good cause for her failure to serve the defendant within ninety days after the complaint is filed. Fed. R. Civ. P. 4(m); *Kurka v. Iowa Cnty., Iowa*, 628 F.3d 953, 957 (8th Cir. 2010). Rule 4(m) does not define "good cause." *Kurka*, 628 F.3d at 957. However, courts have found "good cause" exists where

> [1] the plaintiff's failure to complete service in a timely fashion is a result of the conduct of a third person, typically the process server, [2] the defendant has evaded service of the process or engaged in misleading conduct, [3] the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances, or [4] the plaintiff is proceeding pro se or in forma pauperis.

*Id.* (quotation omitted). For purposes of its Rule 4(m) analysis, the Court assumes, without deciding, that Holje has not properly effectuated service of process on Grano. For the following reasons, it finds that Holje has shown good cause for this failure, such that a ninety-day extension of time is required.

Holje engaged a process server who began making attempts to serve Grano only three days after the Complaint was filed. (*See* Doc. No. 6 ¶ 7.) The process server made multiple attempts to serve Grano at his residence over the course of eighteen days, but without success. (*Id.*; Doc. No. 7 ¶ 5; Doc. No. 4.) These attempts included a sixteen-hour stakeout over the course of two days after the process server "observed evidence that Grano was in residence" and came to believe that Grano was "intentionally avoiding service." (Doc. No. 4 ¶¶ 7–10.) The process server eventually attested to serving Grano through substitute service. (*Id.* ¶ 11.) The record reflects that Holje communicated with the process server throughout these eighteen days and that she reasonably relied on the process server's affidavit submitted to the Court in support of her application for entry of default, which led

2

her to believe that Grano had been properly served through substitute service after diligent and repeated efforts to serve him directly. (*See* Doc. No. 7.)

Therefore, the Court finds that good cause exists to extend the time for service because Holje acted diligently in trying to effect service on Grano and any failure to complete service resulted from the process server's conduct. *See Combs v. Hendrick*, No. 4:19-CV-3264-SPM, 2020 WL 1929792, at *2 (E.D. Mo. Apr. 21, 2020) (finding good cause existed where promptly requested the appointment of a special process server, process server attempted service several times to no avail, and plaintiff reasonably relied on process server's representations). In light of this conclusion, and in the interest of adjudicating this dispute on the merits, the Court denies the parties' pending motions and gives Holje ninety days from the date of this order to serve Grano.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff Gina M. Holje's Motion for Default Judgment (Doc. No. 10) is DENIED WITHOUT PREJUDICE.

2. Defendant Lynn Grano's Motion to Set Aside Entry of Default and to Dismiss Plaintiff's Complaint (Doc. No. 18) is DENIED WITHOUT PREJUDICE.

3. Plaintiff Gina M. Holje shall have 90 days from the date of this order to serve the Complaint.

Dated: May 7, 2025

/s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court